**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEATHERSTONE ENTERTAINMENT, LLC<br><br>*Plaintiff*,<br><br>-against-<br><br>SITUATIONSHIPS THE FILM LLC, GRAND HUSTLE FILMS, LLC, YANELEY ARTY, AND CLIFFORD JOSEPH HARRIS JR. P/K/A "T.I."<br><br>*Defendants*. | Civil Action No. 1:25-cv-5124 |

**COMPLAINT**

Plaintiff, Featherstone Entertainment, LLC ("Featherstone"), by and through its undersigned counsel, as and for its Complaint against Defendants Situationships The Film LLC; Grand Hustle Films, LLC; Yaneley Arty; and Clifford Joseph Harris Jr. p/k/a "T.I. ("Defendants") alleges as follows based on Featherstone's knowledge and information, and on knowledge, information, and belief as to Defendants' actions.

**NATURE OF THE CASE**

1.       This is a dispute over the right to use the mark "SITUATIONSHIPS" for entertainment purposes. Plaintiff Featherstone Entertainment, LLC has been widely successfully in its use of the SITUATIONSHIPS mark, continuously using the mark throughout the world via social media, streaming, and online platforms since 2014, prior to any date of first use by Defendants.

2.       In November 2014, Featherstone conceptualized the SITUATIONSHIPS brand as a web series and developed it independently.

3.    The web series was first filmed in 2015, with the premiere season achieving over 500,000 views in its first year.

4.    Featherstone also expanded the SITUATIONSHIPS brand with copyrighted works, including a book in 2017, a television pilot in 2020, and a film in 2023. Featherstone's SITUATIONSHIPS mark became registered with the United States Patent and Trademarks Office on September 12, 2023 with a first use date of February 14, 2015, in International Class 041, for entertainment services related to dramatic and comedic content depicting the ups and downs of dating.

5.    The SITUATIONSHIPS digital series has been distributed on prominent platforms, including Blavity (2017), BET Digital (2018), Amazon Prime, and Tubi (2022), reaching millions of viewers.

6.    Featherstone is the rightful owner of the federally registered SITUATIONSHIPS mark for entertainment services with a first use date of February 14, 2015, prior to any use by Defendants.

7.    Defendants now seek to take advantage of and draw on the public's association of Featherstone's SITUATIONSHIPS mark by marketing and producing their own entertainment services, namely a film, and promotional goods using Featherstone's SITUATIONSHIPS mark for their own financial gain.

8.    Defendants have submitted multiple trademark applications with the USPTO for marks confusingly similar to Featherstone's SITUATIONSHIPS mark. The USPTO has already issued an Office Action for refusal for one of Defendants' trademarks on the basis that Defendants' mark will likely be confused with Featherstone's marks.

9.      Defendants' conduct is causing and will cause severe damage and injury to Featherstone. Accordingly, Featherstone brings this action for: (i) federal trademark infringement under 15 U.S.C. § 1114; (ii) false designation of origin under 15 U.S.C. § 1125(a); (iii) unfair competition under the common law of the State of New York; (iv) civil conspiracy in violation of the common law of the State of New York; (v) trademark infringement under the common law of the State of New York; (vi) vicarious trademark infringement under the U.S. Trademark Act and New York common law; and (vii) a declaratory judgment.

## THE PARTIES

10.     Plaintiff Featherstone Entertainment, LLC is a Georgia limited liability company with a principal place of business of 2084 General Truman Street NW, Atlanta, GA 30318.

11.     Defendant Grand Hustle Films, LLC is a Delaware limited liability company with a principal place of business of 545 5th Avenue, Suite 1100 New York, NY 10017.

12.     Defendant Situationships The Film LLC, is a Georgia limited liability company with a principal place of business of 9461 Charleville Blvd, PMB 457, Beverly Hills, CA, 90212.

13.     Defendant Yaneley Arty ("Arty") is a resident and domiciliary of the State of Georgia. Upon information and belief, Arty conducts business within the State of New York.

14.     Defendant Clifford Joseph Harris Jr. P/K/A "T.I." ("T.I.") is a resident and domiciliary of the State of Georgia. T.I. conducts regular, continuous, and systematic business within the State of New York, including his business Grand Hustle Films, LLC.

## JURISDICTION AND VENUE

15.     This Court has original subject matter jurisdiction over this action pursuant to Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. §§ 1331 and 1338 because its claims arise under the federal Lanham Act. This Court also has jurisdiction over Featherstone's claims that arise

under the laws of the State of New York and common law pursuant to 28 U.S.C. § 1367 because the state law claims are so related to Featherstone's federal claims under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts. Lastly, Featherstone's request for a declaratory judgment arises under the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court, therefore, has subject matter and original jurisdiction over this claim pursuant to 15 U.S.C. § 1331.

16.    This Court has personal jurisdiction over Defendant Grand Hustle Films, LLC pursuant to CPLR § 302 because this Defendant transacts and solicits business from its principal place of business within the State of New York.

17.    This Court has personal jurisdiction over Defendant Situationships The Film LLC pursuant to CPLR § 302 because this Defendant transacts business within the State of New York.

18.    This Court has personal jurisdiction over Defendant Yaneley Arty pursuant to CPLR § 302 because this Defendant transacts and solicits business within the State of New York.

19.    This Court has personal jurisdiction over Defendant Clifford Joseph Harris Jr. P/K/A "T.I." pursuant to CPLR § 302 because this Defendant transacts and solicits business on a regular, systemic, and continuous basis within the State of New York.

20.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Defendants' wrongful acts and conduct, occurred in substantial part in this judicial district. In the alternative, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND COMMON TO ALL CLAIMS FOR RELIEF

21.     In November 2014, at only 23 years old and directly out of college, Cylla Senii ("Cylla"), owner of Plaintiff Featherstone Entertainment, LLC[1] ("Featherstone"), had a vision to create something bigger than herself—to produce and broadcast entertaining stories depicting the ups and downs, and twists and turns of modern dating. This vision comprised of writing scripts and creating content for television, film, podcasts, plays, and books. She conceptualized the SITUATIONSHIPS brand as a web series and developed it independently.

22.     While Cylla had previous experience working at top ad agencies in New York City, her network in film and television was not quite as extensive. With no substantial connections, funding, or help, Cylla began building the SITUATIONSHIPS brand herself.

23.     In 2015, Cylla created the dramatic-comedy digital web series, SITUATIONSHIPS. She created Instagram pages for casting and promotion and entered into filming and production for the series. See a true and accurate screenshot of Plaintiff's SITUATIONSHIPS' Instagram post casting for auditions in 2015 attached hereto as **Exhibit A.**

24.     That year, Cylla secured a copyright for season one of the SITUATIONSHIPS digital series and in 2016, launched SITUATIONSHIPS' first season on YouTube, where it obtained over 500,000 views in the first year all through grassroots promotion, social media, marketing, and word-of-mouth. See true and accurate copies of Cylla's copyright registrations for Situationships attached hereto as **Exhibit B.**

25.     By 2017, SITUATIONSHIPS had amassed such a large audience after its debut that the digital series was picked up and distributed by Blavity.com[2], a platform with a reach of over

---

[1] Featherstone Entertainment, LLC was formed by Cylla in 2016. At times, Cylla and Featherstone may be used interchangeably within the Complaint.
[2] Blavity Inc. was founded in 2014. It aims to build products and brands for influential consumers. "Blavity quickly established itself as the world's leading enterprise for premium content and network for youth, culture, and technology.

100 million consumers. See a true and accurate copy of SITUATIONSHIPS' partnership with Blavity.com attached hereto as **Exhibit C.**

26.    The widely distributed series led Cylla to begin filming season two of SITUATIONSHIPS and obtaining a copyright registration for the season. See **Exhibit B.**

27.    By 2018, viewers had received SITUATIONSHIPS so well, that BET Media Group[3], a Paramount company, reached out to Cylla about picking up the series for distribution. The two agreed to partner and BET distributed SITUATIONSHIPS for streaming to its 4.9 million subscribers. The full SITUATIONSHIPS series playlist can be found on both YouTube and Facebook. See true and accurate copies of SITUATIONSHIPS' partnership with BET Media Group attached hereto as **Exhibit D;** *see also*

https://www.youtube.com/playlist?list=PLJHDZGUl8IlrWfqUcX9qJ4LrZtsKmfzrt, and

https://blavity.com/entertainment/bet-networks-picks-up-digital-series-situationships-for-season-2.

28.    With the success of the SITUATIONSHIPS series, Cylla began the next phase of her vision—writing a SITUATIONSHIPS book, for which she obtained a copyright registration for the manuscript. See **Exhibit B.** The SITUATIONSHIPS book has also been reviewed by The

---

In addition to founding and developing AfroTech in 2016, [Blavity] launched 21Ninety, a lifestyle platform for women, in 2017. Today, [Blavity] reaches an average of 100 million consumers in influential communities each month." https://blavityinc.com/about/

The Afrotech "conference serves as the biggest annual recruiting event for companies to connect with Black tech innovators. With top technology and business executives, entrepreneurs and innovators from America's leading corporations, including Netflix, Google, Apple, TikTok, Disney, and Salesforce present, AfroTech goers can make impactful connections that have the potential to shape their future." https://www.forbes.com/sites/stephanietharpe/2023/10/03/afrotech-returns-to-austin-to-increase-visibility-of-black-tech-professionals/. *See also* https://www.essence.com/news/money-career/what-to-expect-afrotech-2024/; https://www.jpmorgan.com/technology/technology-blog/afrotech

[3] "BET Media Group is the world's largest media company dedicated to entertaining, engaging, and empowering the Black community and championing Black culture. Connecting Black audiences through a portfolio of brands including BET, BET+, BET Gospel, BET HER, BET International, BET Jams, BET Soul, BET Studios, and VH1, BET Media Group is a thriving media ecosystem of leading interconnected platforms across cable TV, streaming, digital, studios, live events and international." https://www.paramount.com/about/brands/bet

New York Times' best-selling authors, her talent agents, and management, for publishing deals and is being packaged for pitching to television networks for book tours. The platform RevoltTV has also reached out to Featherstone about producing a SITUATIONSHIPS television show.

29.     By 2019, Cylla began pitching SITUATIONSHIPS for television production.

30.     In December 2019, Cylla met the founder of Monami Productions ("Monami") who learned the story of how Cylla bootstrapped her career, and she agreed to work with her. The two began collaborating to develop the SITUATIONSHIPS television series.

31.     Unbeknownst to Cylla, Monami was a friend of the Defendants, at times calling herself a member of Defendants', specifically Defendant T.I.'s, family.

32.     In 2020, due to the pandemic, production slowed, but Cylla remained in contact with those in the film and television industry she had previously connected with regarding her SITUATIONSHIPS brand and projects.

33.     That year, Cylla entered into a formal two-year Attachment Agreement with Monami to develop the SITUATIONSHIPS series for television. See a true and accurate copy of article announcing partnership between Cylla and Monami attached hereto as **Exhibit E**. The two had bi-weekly calls through 2021 and secured a showrunner to assist with the production and development of the SITUATIONSHIPS series.

34.     Soon after, Monami terminated the showrunner, stinting the completion of the project and by 2022, calls with Monami began to dwindle.

35.     Cylla then began communicating with a producer named Yaneley Arty ("Arty"). The two discussed Arty joining Featherstone on the distribution of the SITUATIONSHIPS web series. Arty showed genuine interest in joining Cylla on the project. However, those conversations also fizzled out and ended.

36.    In 2022, Featherstone distributed seasons one and two of SITUATIONSHIPS on streaming platforms PrimeVideo and Tubi. See screenshots of SITUATIONSHIPS as it appears on PrimeVideo and Tubi attached hereto as **Exhibit F.**

37.    To protect what she had built and created nearly ten years prior, on August 4, 2022, Featherstone filed an application with the USPTO for the mark SITUATIONSHIPS, U.S. Serial Number 9754455, U.S. Registration Number 716315, in International Class 041 for entertainment services with a first use date of February 14, 2015.

38.    The USPTO registered Featherstone's SITUATIONSHIPS trademark on September 12, 2023 with a first use date of February 14, 2015. See a true and accurate copy of Plaintiff's SITUATIONSHIPS trademark registration with the USPTO attached hereto as **Exhibit G.**

39.    Additionally, during this time, Featherstone's SITUATIONSHIPS social media pages became verified on social media platforms. This was the culmination of Featherstone investing considerable resources over a ten-year span to build the SITUATIONSHIPS mark and brand in the realm of entertainment.

40.    The later Writer's Guild of America ("WGA") and Screen Actors Guild-American Federation of Television and Radio Artists ("SAG") strikes of 2023 further slowed momentum for the SITUATIONSHIPS television series project. However, Cylla persevered, creating SITUATIONSHIPS the film during the strikes and registering a copyright for the film. See Exhibit B.

41.    Despite the expiration of Featherstone and Monami's agreement, communications between the two resumed in 2024 and development for SITUATIONSHIPS continued in good

faith, with Cylla independently completing significant creative work for both the SITUATIONSHIPS show and film.

42.     Featherstone provided Monami with copies of its trademarks and copyrights for SITUATIONSHIPS, ensuring Monami had knowledge regarding the scope of Featherstone's intellectual property.

43.     By August 2024, development for both SITUATIONSHIPS the television show and film had been completed and Monami informed Featherstone that she was shopping its SITUATIONSHIPS film out to market.

44.     By September 2024, the SITUATIONSHIPS television show was gearing up to go to Onyx Collective[4], a premium content brand under Disney Entertainment Television.

45.     Due to her growing connections in the film and television industry, Cylla began hearing rumors that scripts were being created, titled, and circulated based off SITUATIONSHIPS, apart from her.

46.     To Cylla's surprise, she learned that Grand Hustle Films, led by rapper T.I., was producing a project entitled "Situationships."

47.     Despite multiple assurances from Monami and associated parties, Cylla discovered that the title "SITUATIONSHIPS" was being actively used in casting calls, clapboards, and other promotional materials.

48.     Upon information and belief, by September 2024, Cylla learned from associated parties that Defendant Grand Hustle, and Arty, received three million dollars in funding to film a "Situationships" movie without Featherstone's consent or involvement. Filming of Defendants' film was scheduled to begin in October 2024.

---

[4] https://www.dgepress.com/onyxcollective/about/

49.    Distraught that others were attempting to capitalize on the prominence and notoriety of Featherstone's mark, Cylla spoke to Monami and additional acquaintances of Defendants about assisting her with a resolvable solution. Cylla was brushed off.

50.    A few days later, in September 2024, Cylla received a personal invitation to audition for Defendants' upcoming film entitled: "Situationships." This invitation further signaled to Cylla that Defendants were aware of her SITUATIONSHIPS mark and intellectual property.

51.    Again, to Cylla's surprise, listed as producer on the audition invitation for Defendants' infringing "Situationships" film was Arty, the producer Cylla spoke with about distributing the SITUATIONSHIPS web series in 2022. This experience caused Cylla significant emotional distress.

52.    While Cylla made known she demanded the name of Defendants' film be changed completely, she attended the audition as a show of good faith that the parties could work together. Cylla did not get the role.

53.    Cylla was advised again by Monami, that she would reach out to Defendants about changing the name of the film. Later that day during an in-person meeting, Cylla was advised that Defendants would not use the SITUATIONSHIPS mark for their film and that the name of Defendants' film would be changed.

54.    By October 2024, Cylla was informed again during face-to-face meetings, that the name of Defendants' film would be changed by three other associates and collaborators of Defendants.

55.    Despite repeated assurances from Monami, T.I.'s team and acquaintances that the title would not be used, contrary evidence (e.g., clapboards and social media posts) showed that the title "Situationships" was being utilized during the film's production.

56.     On October 16, 2024, Defendant Grand Hustle Films LLC, filed an application with the USPTO for the mark BATTLE OF THE SITUATIONSHIPS in International class 009, 025, and 028 on an intent-to-use basis. See a true and accurate copy of Defendant's BATTLE OF THE SITUATIONSHIPS trademark application with the USPTO attached hereto as **Exhibit H.** This application remains pending.

57.     On November 5, 2024, Featherstone filed another application with the USPTO for the mark SITUATIONSHIPS in International Class 041. See a true and accurate copy of Plaintiff's second trademark application for the SITUATIONSHIPS trademark attached hereto as **Exhibit I.** This application is pending.

58.     On November 15, 2024, Defendant Situationships the Film LLC filed an application with the USPTO for the mark CITY OF SITUATIONSHIPS in International class 009, 021, and 041 on an intent-to-use basis. See a true and accurate copy of Defendant's CITY OF SITUATIONSHIPS trademark application with the USPTO attached hereto as **Exhibit J.**  This application remains pending.

59.     Defendants are engaging in a common scheme and effort to take advantage of the public's association of Featherstone's SITUATIONSHIPS brand by marketing their own film and entitling it "Situationships."

60.     Defendants are using the identical trademark "SITUATIONSHIPS" in the same International Class 041 as Featherstone, to market, brand, and promote their film and products, thereby creating a false association with Featherstone's brand.

61.     For example, in a November 2024 interview, T.I., owner of the entity Defendants stated: "I'm about to film my second franchise, I guess you could call it, as a writer and director. It's called 'Situationships.' I also star in this one which is something I haven't done. I haven't

directed and starred at the same time." When asked: "Directed, wrote it, filmed it. Now you're gonna act in it?" T.I. responded: "Yeah." T.I. goes on to mention that the film is a comedy, the same genre of Featherstone's SITUATIONSHIPS content. See true and accurate copies of Defendant T.I.'s interview and promotions of his "Situationships" film attached hereto as **Exhibit K;** see also https://www.youtube.com/watch?v=Yy3i8HExJzM for T.I.'s interview.

62.    Ironically, in September 2024, a federal jury awarded T.I. and his wife, $71 million in a lawsuit against MGA Entertainment, the maker of L.O.L. Surprise! O.M.G. dolls. The jury found that MGA's dolls infringed upon the trade dress and misappropriated the likeness of the OMG Girlz, a pop group formed by T.I. and his wife in 2009, which included their daughter. T.I. was quoted in Rolling Stone Magazine stating: "We're just happy we were able to come out on top and fight for creatives and our intellectual property that large corporations seem to think is just public domain and free for all to come and grab and use."[5] Unfortunately, T.I. is engaging in the same conduct he fought so vigorously to protect himself from in his own intellectual property lawsuit.

63.    On December 6, 2024, Featherstone's sent Defendant Grand Hustle a cease-and-desist letter. Defendant did not respond to Featherstone's demand letter and continues to market and produce its film using Featherstone's SITUATIONSHIPS mark. See a true and accurate copy of Plaintiff's cease-and-desist letter attached hereto as **Exhibit L.**

64.    On March 10, 2025, in a Letter of Protest Memorandum, the USPTO wrote: "Upon consideration of a letter of protest filed before publication of this mark [CITY OF SITUATIONSHIPS], it has been determined that some of the evidence is relevant to the following ground(s) for refusal and/or requirement(s): Likelihood of confusion under Trademark Act Section

---

[5] https://www.rollingstone.com/music/music-news/ti-tiny-win-omg-girlz-mga-infringement-lawsuit-jury-verdict-1235109498/ and https://blavity.com/ti-tiny-win-omg-girlz-lawsuit

2(d) with the following registrations: U.S. Registration No. 7163151 for the mark SITUATIONSHIPS U.S. Application Serial No. 98837905 for the mark SITUATIONSHIPS." This demonstrates that the USPTO also finds a likelihood of confusion between the parties' marks.  See a true and accurate copy of the USPTO's March 10, 2025 Letter of Protest Memorandum attached hereto as **Exhibit M.**

65.    On April 14, 2025, Defendant Situationships the Film LLC filed another trademark application for the mark: (SIT'CHU{Ā}SHUN·SHIPS), U.S. Serial Number 99135968, in International Class 025 and 041 on an intent-to-use basis. This application is pending. See a true and accurate copy of Defendant's (SIT'CHU{Ā}SHUN·SHIPS) trademark application with the USPTO attached hereto as **Exhibit N.**

66.    While visually dissimilar, when read aloud this is the same exact mark as Featherstone's SITUATIONSHIPS mark. This demonstrates Defendants intent to continue misappropriating Featherstone's trademark.

67.    On May 12, 2025, the USPTO issued an Office Action stating that the "Registration of the applied-for mark 'City of Situationships' is refused because of a likelihood of confusion with the mark in U.S. Registration No. 7163151 ('Situationships')"—Featherstone's registered trademark, and Featherstone's "prior-filed pending application." See a true and accurate copy of the USPTO's May 12, 2025 Office Action attached hereto as **Exhibit O.**

68.    Featherstone's use of the SITUATIONSHIPS mark on screen has been systemic and continuous since 2014. Featherstone continues to increase the notoriety of the SITUATIONSHIPS mark with more scripted television, a film, book, and podcast projects in the works, and upcoming.

69. For example, on January 8, 2025, Featherstone launched the official SITUATIONSHIPS Podcast with RevoltTV.

70. Featherstone is the rightful owner of the trademark "SITUATIONSHIPS" for the entertainment services with a first use date of February 14, 2015. Defendants are infringing on Featherstone's intellectual property rights.

### COUNT I
### (Federal Trademark Infringement Under 15 U.S.C. § 1114)
### (Against All Defendants)

71. Featherstone incorporates paragraphs 1-70 of the Complaint as though fully set forth herein.

72. Featherstone is the rightful owner of the federally registered SITUATIONSHIPS, U.S. Serial Number 9754455, U.S. Registration Number 716315, in International Class 041 for entertainment services with a first use date of February 14, 2015.

73. In 2014, Cylla, owner of Featherstone, conceptualized the SITUATIONSHIPS brand as a web series and developed it independently.

74. The series was first filmed in 2015, with the premiere season achieving over 500,000 views in its first year.

75. Since then, Featherstone has continuously expanded the SITUATIONSHIPS mark on screen. The SITUATIONSHIPS digital series has been distributed on prominent platforms, including Blavity (2017), BET Digital (2018), Amazon Prime, and Tubi (2022), reaching millions of viewers.

76. Featherstone has also expanded the SITUATIONSHIPS brand with copyrighted works, including a book in 2017, a television pilot in 2020, and a film in 2023.

77.    Consumers associate Featherstone's SITUATIONSHIPS mark with on screen audio-visual entertainment stories depicting the ups and downs, and twists and turns of modern dating.

78.    On October 16, 2024, Defendant Grand Hustle Films LLC, filed an application with the USPTO for the mark BATTLE OF THE SITUATIONSHIPS in International class 009, 025, and 028 on an intent-to-use basis.

79.    On November 5, 2024, Featherstone filed an application with the USPTO for the mark SITUATIONSHIPS in International Class 041.

80.    On November 15, 2024, Defendant Situationships the Film LLC filed an application with the USPTO for the mark CITY OF SITUATIONSHIPS in International class 009, 021, and 041 on an intent-to-use basis.

81.    In a November 2024, rapper T.I., owner of Defendants stated: "I'm about to film my second franchise, I guess you could call it, as a writer and director. It's called 'Situationships.'"

82.    Featherstone sent the Defendant Grand Hustle Films LLC a cease-and-desist letter on December 6, 2024.

83.    Defendant Grand Hustle Films LLC did not respond to Featherstone's demand letter and Defendants continue to market and produce their film using Featherstone's SITUATIONSHIPS mark.

84.    More recently, on April 14, 2025, Defendant Situationships the Film LLC filed another trademark application for the mark: (SIT'CHU{Ā}SHUN·SHIPS), U.S. Serial Number 99135968, in International Class 025 and 041 on an intent-to-use basis, demonstrating their intent to use Featherstone's mark, or a substantially and confusingly similar mark.

85.    On May 12, 2025, the USPTO issued an Office Action stating that the "Registration of the applied-for mark 'City of Situationships' is refused because of a likelihood of confusion with the mark in U.S. Registration No. 7163151 ('Situationships')"—Featherstone's registered trademark, and Featherstone's "prior-filed pending application."

86.    Defendants are using the identical trademark, "SITUATIONSHIPS" to market, brand, and promote their film, miniseries and products, in the same class as Featherstone's trademarks without its consent, thereby creating a false association with Featherstone's brand.

87.    Defendant's unauthorized use of the SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," is likely to cause confusion among consumers about the source of Defendants' "Situationships" film.

88.    Defendants' unauthorized use of Featherstone's SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)," in commerce to promote, market, advertise, or offer its own "Situationships" film, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants, their activities, and/or their goods and services are authorized, endorsed, sponsored or approved by Featherstone, or that Defendants are Featherstone, or are licensees, authorized distributors, or affiliates of Featherstone, or that Defendants, their activities, and/or their goods and services derive from, are associated or affiliated with, or connected to Featherstone.

89.    Defendants are engaging in a common scheme and effort to take advantage of the public's association of Featherstone's SITUATIONSHIPS mark by marketing their own film, miniseries, and products and giving them the "Situationships" title.

90.    Upon information and belief, Defendants used, use, and continue to use the SITUATIONSHIPS mark without Featherstone's authorization or consent in furtherance of Defendants' willful, deliberate, and bad faith efforts to trade off the association and decades' worth of goodwill established by Featherstone's SITUATIONSHIPS mark.

91.    Upon information and belief, Defendants have made, and will continue to make, substantial profits and gains from their unauthorized uses of Featherstone's SITUATIONSHIPS mark, to which they are not entitled in law or equity.

92.    Upon information and belief, Defendants' acts and conduct complained of herein constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

93.    Featherstone has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized uses of the SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)," unless restrained by law.

94.    Featherstone has no adequate remedy at law.

## COUNT II
### (Federal False Designation of Origin Under 15 U.S.C. § 1125(a))
### (Against All Defendants)

95.    Featherstone incorporates paragraphs 1-94 of the Complaint as though fully set forth herein.

96.    Featherstone is the rightful owner of the federally registered SITUATIONSHIPS trademark for entertainment services with a first use date of February 14, 2015.

97.    In 2014, Featherstone's founder, Cylla, conceptualized the SITUATIONSHIPS brand as a web series and developed it independently.

98.     The series was first filmed in 2015, with the premiere season achieving over 500,000 views in its first year.

99.     Since then, Featherstone has continuously expanded the SITUATIONSHIPS mark on screen. The SITUATIONSHIPS digital series has been distributed on prominent platforms, including Blavity (2017), BET Digital (2018), Amazon Prime, and Tubi (2022), reaching millions of viewers.

100.    Featherstone has also expanded the SITUATIONSHIPS brand with copyrighted works, including a book in 2017, a television pilot in 2020, and a film in 2023.

101.    Consumers associate Featherstone's SITUATIONSHIPS mark with on screen audio-visual entertainment stories depicting the ups and downs, and twists and turns of modern dating.

102.    Defendants' unauthorized use of Featherstone's SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)" in commerce to promote, market, advertise, and offer for distribution its own film, constitutes false and misleading representations of fact, because Defendants are not associated, connected, or affiliated with, sponsored or endorsed by Featherstone.

103.    Defendants' use of Featherstone's SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)" in commerce to promote, market, advertise, and offer for distribution its own film entitled "Situationships" without Featherstone's consent, draws on the public's association of Featherstone's SITUATIONSHIPS mark.

104.    Defendants' use of Featherstone's SITUATIONSHIPS mark is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants' use is associated and/or affiliated with Featherstone's mark, or that Defendants' activities, goods and/or services derive from, are connected to, or are associated with Featherstone.

105.    Defendants' use of Featherstone's SITUATIONSHIPS mark in commerce to promote, market, advertise, and offer for distribution its own film entitled "Situationships," as well as trade on the SITUATIONSHIPS name, without Featherstone's consent is likely to cause confusion, cause mistake, and/or deceive consumers and the trade into mistakenly believing that Defendants, their activities, and/or their goods and services are authorized, endorsed, sponsored or approved by Featherstone, or that Defendants are Featherstone, or are licensees, authorized distributors, or affiliates of Featherstone, or that Defendants, their activities, and/or their goods and services derive from, are associated or affiliated with, or connected to Featherstone.

106.    Upon information and belief, Defendants used, use, and continue to use the SITUATIONSHIPS mark without Featherstone's authorization or consent in furtherance of Defendants' willful, deliberate, and bad faith efforts to trade off the association and decades' worth of goodwill established by Featherstone in the SITUATIONSHIPS mark.

107.    Upon information and belief, Defendants have made, and will continue to make, substantial profits and gains from their unauthorized uses of the SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)" to which they are not entitled in law or equity.

108.    Upon information and belief, Defendants' acts and conduct complained of herein constitute federal false designation of origin in violation of 15 U.S.C. § 1125(a).

109.    Featherstone has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the SITUATIONSHIPS mark unless restrained by law.

110.    Featherstone has no adequate remedy at law.

**COUNT III**
**(Unfair Competition Under New York Common Law)**
**(Against Entity Defendants)**

111.    Featherstone incorporates paragraphs 1-110 of the Complaint as though fully set forth herein.

112.    Featherstone is the rightful owner of the federally registered SITUATIONSHIPS mark for entertainment services with a first use date of February 14, 2015.

113.    Consumers associate Featherstone's SITUATIONSHIPS mark with on screen audio-visual entertainment stories depicting the ups and downs, and twists and turns of modern dating.

114.    Defendants' unauthorized use of Featherstone's SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)" in commerce to promote, market, advertise, and offer for distribution its own film entitled "Situationships," as well as trade on the SITUATIONSHIPS name, constitutes false and misleading representations of fact, because Defendants are not associated, connected, or affiliated with, sponsored or endorsed by Featherstone.

115.    Consumers associate Featherstone's SITUATIONSHIPS mark with on screen audio-visual entertainment stories depicting the ups and downs, and twists and turns of modern dating.

20

116.    Upon information and belief, Defendants used, use, and plan to use Featherstone's SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)" in furtherance of Defendants' willful, deliberate, and bad faith efforts to trade off the association and decades' worth of goodwill established by Featherstone's SITUATIONSHIPS mark to pass their goods and services off, and create consumer confusion.

117.    Defendants' distribution and promotion of their "Situationships" film and confusingly similar variations thereof is likely to cause consumer confusion, mistake and/or deception; or present the false and misleading impression that Defendants' infringing film is connected, associated, or related to Featherstone.

118.    Upon information and belief, Defendants have made, and will make, substantial profits and gains from their unauthorized, misappropriated uses of Featherstone's SITUATIONSHIPS mark, to which they are not entitled in law or equity.

119.    Defendants' conduct constitutes unfair competition in violation of New York common law.

120.    Featherstone has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of its SITUATIONSHIPS mark unless restrained by law.

121.    Featherstone has no adequate remedy at law.

## COUNT IV
### (Civil Conspiracy)
### (Against All Defendants)

122.    Featherstone incorporates paragraphs 1-121 of the Complaint as though fully set forth herein.

21

123.    Featherstone is the rightful owner of the federally registered SITUATIONSHIPS mark for entertainment services with a first use date of February 14, 2015.

124.    In 2014, Featherstone's founder, Cylla, conceptualized the SITUATIONSHIPS brand as a web series and developed it independently.

125.    The series was first filmed in 2015, with the premiere season achieving over 500,000 views in its first year.

126.    Since then, Featherstone has continued to expand the SITUATIONSHIPS mark on screen. The SITUATIONSHIPS digital series has been distributed on prominent platforms, including Blavity (2017), BET Digital (2018), Amazon Prime, and Tubi (2022), reaching millions of viewers.

127.    Consumers associate Featherstone's SITUATIONSHIPS mark with on screen audio-visual entertainment stories depicting the ups and downs, and twists and turns of modern dating.

128.    Defendants have engaged in a common scheme and effort to take advantage of the public's association of Featherstone's SITUATIONSHIPS brand by marketing their own film and entitling it: "Situationships."

129.    In 2022, Cylla, communicated with producer-Defendant Yaneley Arty to discuss Arty joining Featherstone with the distribution of the SITUATIONSHIPS web series. Arty showed genuine interest in joining Cylla on the project. However, those conversations fizzled out and ended.

130.    Due to her growing connections in the film and television industry, Cylla began hearing rumors that scripts were being created, titled, and circulated based off SITUATIONSHIPS, apart from her.

131.    To Cylla's surprise, she learned that Grand Hustle Films, led by T.I., was producing a project entitled "Situationships" in 2024.

132.    Distraught that others were attempting to capitalize on the prominence and notoriety of Featherstone's mark, Cylla spoke to T.I.'s family friend at Monami, and his associates about assisting her with a resolvable solution. Cylla was brushed off.

133.    Despite multiple assurances from Monami, and associates, Cylla discovered that Defendants were actively using the title "Situationships" in casting calls, clapboards, and other promotional materials.

134.    Days later, Cylla received a personal invitation to audition for Defendants' upcoming film entitled: "Situationships." This invitation further signaled to Featherstone that Defendants were aware of its SITUATIONSHIPS mark and intellectual property.

135.    Again, to Cylla's surprise, listed as producer on the audition invitation for Defendants' infringing "Situationships" film was Arty, the producer Cylla spoke with about distributing the SITUATIONSHIPS web series in 2022. This experience caused Cylla significant emotional distress.

136.    Cylla was advised again by Monami and T.I.'s associates, that they would inquire again about changing the name of Defendants' film. Later that day during an in-person meeting, Cylla was advised that Defendants would not use the SITUATIONSHIPS mark for their film and that the name of Defendants' film would be changed.

137.    By October 2024, Cylla was informed again during face-to-face meetings, that the name of Defendants' film would be changed by three other associates and collaborators of Defendants.

138. Despite repeated assurances from Monami and T.I.'s team that "Situationships" would not be used, contrary evidence (e.g., clapboards and social media posts) showed that "Situationships" was being utilized during the film's production.

139. Cylla was later told that T.I. and Defendants would not change the title of their film.

140. On October 16, 2024, Defendant Grand Hustle Films LLC, filed an application with the USPTO for the mark "BATTLE OF THE SITUATIONSHIPS."

141. On November 5, 2024, Featherstone filed another application with the USPTO for the mark SITUATIONSHIPS.

142. On November 15, 2024, Defendant Situationships the Film LLC filed an application with the USPTO for the mark "CITY OF SITUATIONSHIPS."

143. In a November 2024 interview, T.I. stated: "I'm about to film my second franchise, I guess you could call it, as a writer and director. It's called 'Situationships.'" When asked: "Directed, wrote it, filmed it. Now you're gonna act in it?" T.I. responded: "Yeah."

144. T.I. also stated that the film is a comedy, the same genre of Featherstone's SITUATIONSHIPS content.

145. On December 6, 2024, Featherstone's sent Defendant Grand Hustle a cease-and-desist letter. Defendant Grand Hustle did not respond to Featherstone's demand letter and continues to market and produce its film using Featherstone's SITUATIONSHIPS mark.

146. More recently, on April 14, 2025, Defendant Situationships the Film LLC filed another trademark application for the mark: (SIT'CHU{Ā}SHUN·SHIPS), U.S. Serial Number 99135968, in International Class 025 and 041 on an intent-to-use basis.

147. On May 12, 2025, the USPTO issued an Office Action stating that the "Registration of the applied-for mark 'City of Situationships' is refused because of a likelihood of confusion

with the mark in U.S. Registration No. 7163151 ('Situationships')"—Featherstone's registered trademark, and Featherstone's "prior-filed pending application."

148.    Defendants are engaging in a common scheme and effort to take advantage of the public's association of Featherstone's SITUATIONSHIPS brand by marketing their own film and entitling it "Situationships."

149.    Defendants are using the identical trade name and mark "SITUATIONSHIPS," and/or mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)" to market, brand, and promote their film, miniseries, and products, thereby creating a false association with Featherstone's brand.

150.    In furtherance of Defendants' agreement and common scheme, Defendants knowingly and intentionally formed the company Situationships The Film LLC after having knowledge of Featherstone's mark, brand, and entertainment work.

151.    In furtherance of Defendants' agreement and common scheme, Defendant Situationships The Film LLC, knowingly and intentionally, filed for the trademark "City of Situationships" after having knowledge of Featherstone's mark, brand, and entertainment work.

152.    In furtherance of Defendants' agreement and common scheme, Defendant Situationships The Film LLC, knowingly and intentionally, filed for the trademark "(SIT'CHU{Ā}SHUN·SHIPS)" after having knowledge of Featherstone's mark, brand, and entertainment work.

153.    In furtherance of Defendants' agreement and common scheme, Defendant Grand Hustle Films, LLC knowingly and intentionally, filed for the trademark "Battle of the Situationships" after having knowledge of Featherstone's mark, brand, and entertainment work.

154.    In furtherance of Defendants' agreement and common scheme, Defendants knowingly and intentionally market, promote, and advertise their film as "Situationships," and/or a mark that is substantially similar and/or confusingly similar thereto, such as "City of Situationships," "Battle of the Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)."

155.    In furtherance of Defendants' agreement and common scheme, Defendant Arty engaged in communications with Featherstone, purporting to offer her assistance in distributing Featherstone's SITUATIONSHIPS web series, but later turned on Featherstone by knowingly and intentionally developing and producing content confusingly and/or substantially similar to Featherstone's content with Defendants, using the same or substantially similar name.

156.    In furtherance of Defendants' agreement and common scheme, Defendants knowingly and intentionally seek trademark registrations for goods and services in the mark SITUATIONSHIPS and/or marks substantially similar thereto, after having knowledge of Featherstone's mark, brand, and entertainment work.

157.    In furtherance of Defendants' agreement and common scheme, Defendants knowingly and intentionally promoted and continue to promote, market, and advertise their film entitled "Situationships" and/or a title substantially similar and/or confusingly similar thereto, trading on the public's association of Featherstone's SITUATIONSHIPS mark.

158.    Upon information and belief, Defendants have made, and will continue to make, substantial profits and gains from their unauthorized uses of Featherstone's SITUATIONSHIPS mark, to which they are not entitled in law or equity.

159.    Defendants' acts constitute a civil conspiracy in violation of the common law of New York.

160.    Featherstone has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of its SITUATIONSHIPS mark unless restrained by law.

161.    Featherstone has no adequate remedy at law.

**COUNT V**
**(Trademark Infringement Under New York Common Law)**
**(Against All Defendants)**

162.    Featherstone incorporates paragraphs 1-161 of the Complaint as though fully set forth herein.

163.    Featherstone is the rightful owner of the federally registered SITUATIONSHIPS mark for entertainment services with a first use date of February 14, 2015.

164.    Consumers associate Featherstone's SITUATIONSHIPS mark with on screen audio-visual entertainment stories depicting the ups and downs, and twists and turns of modern dating.

165.    Defendants are using the identical trademark "SITUATIONSHIPS," and/or mark that is substantially similar and/or confusingly similar thereto, to market, brand, and promote their film and products without Featherstone's consent, thereby creating a false association with Featherstone's brand.

166.    Defendant's use is likely to cause confusion among consumers about the source of Defendants' "Situationships" film.

167.    Defendants' use of Featherstone's SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto in commerce to promote, market, advertise, and offer for distribution its own film entitled "Situationships," as well as trade on the SITUATIONSHIPS name without Featherstone's consent, is likely to cause confusion, cause mistake, and/or deceive consumers and the trade into mistakenly believing that Defendants, their

activities, and/or their goods and services are authorized, endorsed, sponsored or approved by Featherstone, or that Defendants are Featherstone, or are licensees, authorized distributors, or affiliates of Featherstone, or that Defendants, their activities, and/or their goods and services derive from, are associated or affiliated with, or connected to Featherstone.

168.    Defendants are engaging in a common scheme and effort to take advantage of the public's association of Featherstone's SITUATIONSHIPS brand by marketing their own film and entitling it "Situationships."

169.    Upon information and belief, Defendants used, use, and continue to use the SITUATIONSHIPS mark without Featherstone's consent in furtherance of Defendants' willful, deliberate, and bad faith efforts to trade off the association and decades' worth of goodwill established by Featherstone's SITUATIONSHIPS mark.

170.    Upon information and belief, Defendants have made, and will continue to make, substantial profits and gains from their unauthorized uses of Featherstone's SITUATIONSHIP mark, to which they are not entitled in law or equity.

171.    Featherstone has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized uses of the SITUATIONSHIPS mark unless restrained by law.

172.    Featherstone has no adequate remedy at law.

## COUNT VI
## VICARIOUS TRADEMARK INFRINGEMENT
(Against Defendant Clifford Joseph Harris Jr. p/k/a "T.I.")

173.    Featherstone incorporates paragraphs 1-172 of the Complaint as though fully set forth herein.

174.    Featherstone is the rightful owner of the federally registered SITUATIONSHIPS mark for entertainment services with a first use date of February 14, 2015.

175.    Defendants have and continue to commit trademark infringement and unfair competition in violation of the U.S. Trademark Act and New York law by using Featherstone's SITUATIONSHIPS trademark, in a substantially similar or confusingly similar manner to promote, market, and advertise, a film and promotional good and entitling them, "Situationships."

176.    On information and belief, Defendant T.I. wholly and/or partially owns, manages, and/or controls entity Defendants, Grand Hustle Films LLC and Situationships the Film LLC ("Entity Defendants").

177.    Defendant T.I. has the right and ability to exercise control over the activities of the Entity Defendants.

178.    Defendant T.I. has a direct financial interest in the Entity Defendants.

179.    Defendant T.I. has the authority to bind the Entity Defendants.

180.    In a November 2024 interview, T.I. stated: "I'm about to film my second franchise, I guess you could call it, as a writer and director. It's called 'Situationships.'" When asked: "Directed, wrote it, filmed it. Now you're gonna act in it?" T.I. responded: "Yeah."

181.    T.I. also stated that the film is a comedy, the same genre of Featherstone's SITUATIONSHIPS content.

182.    On information and belief, Defendant T.I. has made, and will continue to make, substantial profits and gains from the unauthorized use of Featherstone's SITUATIONSHIPS mark, and/or mark that is substantially similar and/or confusingly similar thereto, to which Defendant T.I. is not entitled in law or equity.

183.    On information and belief, the acts of the Entity Defendants render Defendant T.I. vicariously liable for such acts under the U.S. Trademark Act and New York law.

184.    Featherstone has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of its SITUATIONSHIPS mark unless restrained by law.

185.    Featherstone has no adequate remedy at law.

## COUNT VII
## (Declaratory Judgment)
## (Against All Defendants)

186.    Featherstone incorporates paragraphs 1-185 of the Complaint as though fully set forth herein.

187.    Featherstone is the rightful owner of the federally registered SITUATIONSHIPS trademark for entertainment services with a first use date of February 14, 2015, prior to any first use date by Defendants.

188.    On November 5, 2024, Featherstone filed another application with the USPTO for the SITUATIONSHIPS mark.

189.    In 2014, Cylla, founder of Featherstone, conceptualized the SITUATIONSHIPS brand as a web series and developed it independently.

190.    The series was first filmed in 2015, with the premiere season achieving over 500,000 views in its first year.

191.    Since then, Featherstone has continuously expanded the SITUATIONSHIPS mark on screen. The SITUATIONSHIPS digital series has been distributed on prominent platforms, including Blavity (2017), BET Digital (2018), Amazon Prime, and Tubi (2022), reaching millions of viewers.

192.    Featherstone also expanded the SITUATIONSHIPS brand with copyrighted works, including a book in 2017, a television pilot in 2020, and a film in 2023.

193.    Consumers associate Featherstone's SITUATIONSHIPS mark with on screen audio-visual entertainment stories depicting the ups and downs, and twists and turns of modern dating.

194.    On October 16, 2024, Defendant Grand Hustle Films LLC, filed an application with the USPTO for the mark "BATTLE OF THE SITUATIONSHIPS."

195.    On November 5, 2024, Featherstone filed another application with the USPTO for the mark SITUATIONSHIPS.

196.    On November 15, 2024, Defendant Situationships the Film LLC filed an application with the USPTO for the mark "CITY OF SITUATIONSHIPS."

197.    On March 10, 2025, in a Letter of Protest Memorandum, the USPTO wrote: "Upon consideration of a letter of protest filed before publication of this mark [CITY OF SITUATIONSHIPS], it has been determined that some of the evidence is relevant to the following ground(s) for refusal and/or requirement(s): Likelihood of confusion under Trademark Act Section 2(d) with the following registrations: U.S. Registration No. 7163151 for the mark SITUATIONSHIPS U.S. Application Serial No. 98837905 for the mark SITUATIONSHIPS."

198.    On May 12, 2025, the USPTO issued an Office Action stating that the "Registration of the applied-for mark 'City of Situationships' is refused because of a likelihood of confusion with the mark in U.S. Registration No. 7163151 ('Situationships')"—Featherstone's registered trademark, and Featherstone's "prior-filed pending application."

199.    An actual and justiciable controversy of sufficient immediacy and reality exists between Featherstone and the Entity Defendants concerning their trademark applications and their infringing use of Featherstone's SITUATIONSHIPS mark for their film, goods, and services.

200.    Defendants have started using the SITUATIONSHIPS mark, and confusingly similar and/or substantially similar variations thereof, in the entertainment field related to the topic of dating.

201.    Upon information and belief, the foregoing entitles Featherstone to a declaratory judgment of trademark ownership and priority over Defendants in the SITUATIONSHIPS mark, and confusingly similar and/or substantially similar variations thereof, such as "City of Situationships," "Battle of the Situationships," and "(SIT'CHU{Ā}SHUN·SHIPS)," in the entertainment field for on-screen television, film, video game, and related audio-visual productions, related to the world of dating throughout the entirety of the United States.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Featherstone prays for judgment against Defendants as follows:

A.    Declaration that Defendants, by their actions, have infringed on Featherstone's SITUATIONSHIPS trademark;

B.    An Order preliminarily and permanently enjoining and restraining Defendants, their parents, subsidiaries, divisions, branches, affiliates, predecessors or successors-in-interest, and any entities acting or purporting to act for or on behalf of any of the foregoing, including any agents, employees, representatives, officers, directors, servants, and partners, and those persons in concert with them, from producing, publishing, distributing, supplying, licensing, using, copying, reproducing, marketing, advertising, promoting, displaying, offering for sale, selling, and/or otherwise exploiting any good or service in the realm of dating and/or relationships, bearing the SITUATIONSHIPS mark and/or any substantially similar and/or confusingly similar mark;

C.    An Order preliminarily and permanently enjoining and restraining Defendants, their parents, subsidiaries, divisions, branches, affiliates, predecessors or successors-in-interest, and any entities acting or purporting to act for or on behalf of any of the foregoing, including any agents, employees, representatives, officers, directors, servants, and partners, and those persons in concert with them, from engaging in any acts of trademark infringement, false designation of origin, or unfair competition bearing the SITUATIONSHIPS mark and/or substantially similar and/or confusingly similar mark, in the realm of dating and/or relationships;

D.    An Order preliminarily and permanently enjoining and restraining Defendants, from producing, releasing, teasing, advertising, marketing, announcing, or promoting a film entitled "Situationships," "Battle of The Situationships," "City of Situationships," "(SIT'CHU{Ā}SHUN·SHIPS)," or any title similar, related to, or inclusive of the word "Situationships;"

E.    An Order directing Defendants to remove the SITUATIONSHIPS mark, and/or any substantially similar or confusingly similar mark thereof, from all of Defendants' goods and services, as well as any web sites or marketing/promotional materials, whether electronic, printed or otherwise, under Defendants' direct or indirect dominion or control that suggest, hint, and/or intimate a relation to the realm of dating and/or relationships;

F.    An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery, and destruction of each good within Defendants' possession, custody, or control that infringes or violates Featherstone's exclusive rights in the SITUATIONSHIPS mark, and/or substantially similar and/or confusingly similar mark;

G.      A Declaration that Featherstone has trademark priority over Defendants in and to the SITUATIONSHIPS mark for entertainment goods and services in the realm of dating and relationships throughout the entirety of the United States;

H.      An Order pursuant to 15 U.S.C. § 1117 disgorging Defendants' profits resulting from its use of the SITUATIONSHIPS mark, and/or substantially similar and/or confusingly similar mark in the realm of entertainment related to dating and relationships;

I.      An Order requiring Defendants to account for and pay to Featherstone (i) any and all profits obtained by Defendants from their infringement, false designation, or violation of the SITUATIONSHIPS mark, and/or substantially similar and/or confusingly similar mark, as alleged herein, and (ii) all damages suffered by Featherstone as a result of Defendants' infringement, false designation, or violation of the SITUATIONSHIP mark, in amounts to be determined at trial;

J.      A Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117, and awarding Featherstone it's reasonable attorneys' fees and costs;

K.      An Order awarding Featherstone statutory and punitive damages;

L.      An Order awarding Featherstone pre-judgment interest; and

M.      An Order awarding Featherstone any further relief this Court shall deem just and proper.

Dated: June 18, 2025
        New York, New York                    Respectfully submitted,

                                              DESTIME LAW LLC
                                              */s/ Vanessa Destime*
                                              Vanessa Destime
                                              26 Broadway, Suite 934
                                              New York, NY 10004
                                              vanessa@destimelaw.com
                                              (914) 365-8980
                                              *Attorneys for Plaintiff Featherstone*
                                              *Entertainment, LLC*