UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEATHERSTONE ENTERTAINMENT, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SITUATIONSHIPS THE FILM, LLC, GRAND HUSTLE FILMS, LLC, YANELEY ARTY, AND CLIFFORD JOSEPH HARRIS JR. P/K/A "T.I.",<br><br>        Defendants. | Case No.: 1:25-cv-05124-LLS |

**DEFENDANTS GRAND HUSTLE FILMS, LLC and CLIFFORD JPOSEPH HARRIS JR. P/K/A "T.I."'S OPPOTION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 1

LEGAL STANDARD .............................................................................................................. 2

ARGUMENT ........................................................................................................................... 3

    I.    Plaintiff's Application for a TRO Should be Denied Because Plaintiff Cannot Establish That It Will Suffer Irreparable Harm ......................................................... 3

        A.  Failure to Establish Irreparable Harm Is Sufficient Grounds to Deny a Request for a Temporary Restraining Order ................................................... 3

        B.  Plaintiff Cannot Establish Irreparable Harm Because There Is No Imminent Irreparable Harm ............................................................................. 3

        C.  Plaintiff Has Not Established that Financial Damages Would be Insufficient . 5

        D.  Plaintiff's Delay in Seeking a TRO Demonstrates That It Will Suffer No Irreparable Injury ........................................................................................... 7

    II.   Plaintiff is Unlikely to Prevail on the Merits ........................................................... 8

CONCLUSION ...................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*,
  2015 WL 4033019 (S.D.N.Y. June 29, 2015) ...................................................................... 5

*Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*,
  973 F.2d 1033 (2d Cir. 1992) ............................................................................................... 8

*Christmas House USA, Inc. v. Christmasland Experience, LLC*,
  2022 WL 17852025 (E.D.N.Y. Dec. 22, 2022) .................................................................... 7

*Church of Scientology Int'l v. The Elmira Mission of the Church of Scientology*,
  794 F.2d 38 (2d Cir. 1986) ................................................................................................... 4

*Citibank, N.A. v. Citytrust*,
  756 F.2d 273 (2d Cir. 1985) ................................................................................................. 7

*Curry v. City of New York*,
  2010 WL 5391472 (E.D.N.Y. Dec. 22, 2010) ...................................................................... 5

*eBay v. MercExchange, LLC*,
  547 U.S. 388 (2006) .............................................................................................................. 2

*Hornig v. Trustees of Columbia Univ. in City of New York*,
  2018 WL 5800801 (S.D.N.Y. Nov. 5, 2018) ........................................................................ 7

*Jayaraj v. Scappini*,
  66 F.3d 36 (2d Cir. 1995) ..................................................................................................... 6

*Khan v. Addy's BBQ LLC*,
  419 F. Supp. 3d 538 (E.D. NY Nov. 6, 2019) ...................................................................... 6

*M.V. Music v. V.P. Records Retail Outlet, Inc.*,
  653 F. Supp. 3d 31 (S.D.N.Y. 2023) ..................................................................................... 5

*M & G Elecs. Sales Corp. v. Sony Kabushiki Kaisha*,
  250 F. Supp. 2d 91 (E.D.N.Y. 2003) .................................................................................... 5

*Marblegate Asset Management v. Education Management Corp.*,
  75 F. Supp. 3d 592 (2014) .................................................................................................... 3

*Marks Org., Inc. v. Joles*,
  784 F. Supp. 2d 322 (S.D.N.Y. 2011) .................................................................................. 2

*Mrs. U.S. Nat. Pageant, Inc. v Miss U.S. Org., LLC*,
  875 F. Supp. 2d 211 (W.D.N.Y. 2012) .................................................................................. 2

*Mrs. United States National Pageant, Inc. v. Williams*,
  353 F. Supp. 3d 213 (W.D.N.Y. Feb. 14, 2019) ..................................................................... 4

*Pet Life v. KAS Pet, LLC*,
  690 F. Supp. 3d 41 (E.D.N.Y. 2023) ...................................................................................... 7

*Polaroid Corp. v Polaroid Electronics Corp.*,
   287 F.2d 492 (2d Cir. 1961) .................................................................................................. 8

*Rodriguez ex rel. Rodriguez v. DeBuono*,
  173 F.3d 227 (2d Cir. 1999) ............................................................................................. 3, 4

*Rush v. Hillside Buffalo, LLC*,
  314 F. Supp. 3d 477 (W.D.N.Y. 2018) ........................................................................... 3, 5, 6

*Salinger v. Colting*,
  607 F.3d 68 (2d Cir. 2010) .................................................................................................... 2

*Shapiro v. Cadman Towers, Inc.*,
  51 F.3d 328 (2d Cir. 1995) .................................................................................................... 4

*Walters v. T & D Towing Corp.*,
  2017 WL 1184169 (E.D.N.Y. 2017) ...................................................................................... 3

*Wik v. City of Rochester*,
  2008 WL 11251593 (W.D.N.Y. Nov. 6, 2008) ....................................................................... 3

**PRELIMINARY STATEMENT**

Both Plaintiff's Complaint and its Application seeing a Temporary Restraining Order are premature and should be disposed of on that basis. In the declaration supporting her Application, Cylla Senii states that "Defendants are using the identical trademark "SITUATIONSHIPS" to market, brand, and promote their film and promotional products . . . " Declaration of Cylla Senii ¶ 37. However, Defendant Grand Hustle Films, LLC and Clifford Joseph Harris Jr. P/K/A "TI"'s (collectively, "Defendants") film is still in post-production, no distribution agreement is in place for the film and marketing has not yet commenced. While Defendants did attempt to secure a trademark for the title CITY OF SITUATIONSHIPS, when the United States Patent and Trademark Office ("USPTO") denied that trademark application, Defendants subsequently filed an application for the mark (SIT'CHU {Ã}SHUN-SHIPS), based on the belief that this term does not infringe on Plaintiff's mark. Defendant's application is still pending.

Plaintiff cannot establish irreparable harm because there is no current infringement of its trademark, Plaintiff fails to adequately allege how monetary damages are insufficient, and Plaintiff has waited more than six months since sending a cease-and-desist letter before bringing this action. Because Plaintiff cannot establish irreparable harm and she is not likely to prevail on the merits, the Court should deny this Motion.

**FACTUAL BACKGROUND**

Defendant Grand Hustle Films, LLC ("Grand Hustle") owns an interest in Situationships the Film LLC ("Situationships LLC"), which owns a film currently in production that is the subject of Plaintiff's Complaint (the "Film"). In the original script for the Film, the Film's name

was "Entanglements." *See* Declaration of Thuy-An Julien ("Julien Decl.") ¶ 2. The Film is currently in post-production. Marketing efforts for the film have not yet commenced and there is no distribution agreement for the release of the film.. *Id.*

Grand Hustle filed an application with the USPTO for the mark (SIT'CHU {Ã}SHUN-SHIPS) on April 14, 2025. *See* Ex. N to Dkt. No. 10-2. That application is still pending. Julien Decl. ¶ 3. No final decision has been made regarding the title of the Film. *Id*. ¶ 4. On December 6, 2024, Plaintiff's counsel sent a cease and desist letter to Grand Hustle. *See* Ex. E to Dkt. 10-2. Plaintiff filed this action on June 18, 2025.

## LEGAL STANDARD

When a party seeks preliminary injunctive relief in an action alleging trademark infringement under the Lanham Act, Second Circuit courts apply the four-factor test set forth by the Supreme Court in *eBay v. MercExchange, LLC*, 547 U.S. 388, 390 (2006). *Mrs. U.S. Nat. Pageant, Inc. v Miss U.S. Org., LLC*, 875 F. Supp. 2d 211, 226 (W.D.N.Y. 2012). Under this test, a district court must determine that a plaintiff has shown: (1) a likelihood of success on the merits; (2) that absent an injunction [the p]laintiff is likely to suffer irreparable injury that cannot be remedied with monetary damages; (3) that the balance of hardships tips in favor of [the p]laintiff; and (4) that "the public interest would **not** be disserved" by the issuance of an injunction. *Marks Org., Inc. v. Joles*, 784 F. Supp. 2d 322, 327 (S.D.N.Y. 2011) (*citing Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010).

Furthermore, this four-part test is also applied by courts in reviewing a request for a temporary restraining order because, "[i]n the Second Circuit, the standard for a temporary

2

restraining order is the same as for a preliminary injunction." *Wik v. City of Rochester*, No. 07-CV-6541-CJS, 2008 WL 11251593, at *1 (W.D.N.Y. Nov. 6, 2008).

## ARGUMENT

I. **Plaintiff's Application for a TRO Should be Denied Because Plaintiff Cannot Establish That It Will Suffer Irreparable Harm.**

**A. Failure to Establish Irreparable Harm Is Sufficient Grounds to Deny a Request for a Temporary Restraining Order.**

The Court should deny Plaintiff's Application for a Temporary Restraining Order ("TRO") as Plaintiff has not made a showing that it will suffer irreparable harm if a TRO is not granted. The Second Circuit has held that "[i]rreparable harm is 'the single most important prerequisite for the issuance of [emergency relief].'" *Rodriguez ex rel. Rodriguez v. DeBuono*, 173 F.3d 227, 233-34 (2d Cir. 1999); *see also Marblegate Asset Management v. Education Management Corp.*, 75 F. Supp. 3d 592 (2014).

Where a plaintiff cannot establish irreparable harm, the court need "not address the other factors necessary for the issuance" of injunctive relief. *See Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 486 (W.D.N.Y. 2018); *see also Walters v. T & D Towing Corp.,* 2017 WL 1184169, at *4 (E.D.N.Y. 2017). ("Because [p]laintiff has not demonstrated that she will suffer irreparable harm absent injunctive relief, the [c]ourt need not consider whether there is a likelihood of success on the merits of her claims.").

**B. Plaintiff Cannot Establish Irreparable Harm Because There Is No Imminent Irreparable Harm.**

To plead irreparable harm, "[t]he movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that it cannot be remedied by an award of monetary

3

damages." *Rodriguez*, 175 F.3d at 233 (*quoting Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995)). [I]rreparable harm exists in a trademark case when the party seeking the preliminary injunction shows that it will lose control over the reputation of its trademark pending trial." *Church of Scientology Int'l v. The Elmira Mission of the Church of Scientology*, 794 F.2d 38, 43 (2d Cir. 1986).

In *Mrs. United States National Pageant, Inc. v. Williams*, 353 F.Supp.3d 213, 218 (W.D.N.Y. Feb. 14, 2019), the plaintiff sought an order compelling the defendant to give the plaintiff administrative rights to three websites defendants previously used incorporating Plaintiff's trademark. *Id.* Defendants provided evidence that the websites had been deactivated and were devoid of any content. The court held that there was no irreparable harm as plaintiff could not shown that defendants were actively utilizing plaintiff's trademarks. "In the absence of active websites with any content referencing plaintiff's trademarks, then, it is hard to fathom how defendants are causing irreparable harm by using the websites, as plaintiff argues, 'to carry out commercial activities constituting competing pageants.'" *Id.* at 218-19.

Similarly here, Defendants have provided evidence that they are not currently marketing the Film, the Film is still in post-production and no distribution agreement exists for the release of the Film. *See* Julien Decl. ¶ 2. The only evidence Plaintiff offers of actual infringement is the statement in Cylla Senii's Declaration that "Defendants are using the identical trademark "SITUATIONSHIPS" to market, brand, and promote their film and promotional products . . ." *See* Declaration of Cylla Senii in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ¶ 37. However, Ms. Senii fails to attach any supporting evidence reflecting

4

ongoing marketing efforts. Accordingly, in the absence of such marketing efforts or use of the mark SITUATIONSHIPS, Plaintiff cannot prevail.

### C. Plaintiff Has Not Established that Financial Damages Would be Insufficient.

Courts in the Southern District of New York have consistently held that monetary loss alone does not suffice to demonstrate irreparable harm unless the movant provides evidence of damages that cannot be rectified by financial compensation. *M.V. Music v. V.P. Records Retail Outlet, Inc.,* 653 F. Supp. 3d 31 (S.D.N.Y. 2023). In *M.V. Music*, the court held that the allegations of economic loss were insufficient to establish irreparable harm because such harm could be rectified by financial compensation. *Id*. at 33. Similarly, in *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 482 (2018), in support of plaintiff's TRO request, he stated in an affidavit that "[i]mmediate and irreparable injury, loss, or damage will result to [him] ... and [that] monetary damages at a later time will not adequately compensate [him] for injuries and damages [he] has sustained and is sustaining as a result" of the defendant's scheduled event. *Id*.

Indeed, "[t]he law in this Circuit requires that irreparable harm be likely, not merely possible." Curry v. City of New York, No. 10-CV-5847 (SLT) (LB), 2010 WL 5391472, at *3 (E.D.N.Y. Dec. 22, 2010). In failing to supply evidence of the loss of reputation or good will beyond his own conclusory averments, Plaintiff has not made a sufficient showing that irreparable harm is likely at this point in this action. *See Alzheimer's Found. Of Am., Inc., v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*2015 WL 4033019, at *11 (S.D.N.Y. June 29, 2015)*; M & G Elecs. Sales Corp. v. Sony Kabushiki Kaisha,* 250 F. Supp. 2d 91, 105 (E.D.N.Y. 2003).

In *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477 (W.D. NY June 15, 2018), the court determined that Plaintiff failed to make a showing of irreparable harm by merely submitting a declaration from plaintiff stating that "[i]mmediate and irreparable injury, loss, or damage will result to [him] . . . and [that] monetary damages at a later time will not adequately compensate [him] for injuries and damages [he] has sustained and is sustaining as a result." *Id*. at 485. The court noted "the Court finds that the evidence does not support of a finding of irreparable harm because at this stage, Plaintiff has not demonstrated that monetary damages would be an inadequate remedy to compensate him for any injury inflicted by Defendants should he prevail on the merits of his claim." *Id.* at 486. *See also Khan v. Addy's BBQ LLC*, 419 F. Supp. 3d 538, 562 (E.D. NY Nov. 6, 2019) (holding "plaintiff's conclusory and unsupported assertions, *inter alia*, of harm to his goodwill and reputation; the quality of defendants' products and services at the Elmont restaurant vis-à-vis those offered at plaintiff's restaurant, the threat to the viability of his business; and the impossibility of calculating the number of customers he 'will lose', without more, are insufficient to satisfy his burden of showing that irreparable harm would be likely in the absence of a preliminary injunction.").

Similarly, here, Plaintiff's Application is entirely devoid of evidence indicating that monetary damages would be an inadequate remedy to compensate her. In the Application, Plaintiff states, without citation to any evidence: "There is no price one can put on ten years of creating, and building an original idea from scratch and seeing it 'hit the big screen,' only for that work to be swallowed up by those with bigger pockets." Motion at 27. However, Plaintiff's claim is not premised on Defendants stealing Plaintiff's "original idea," – her claim is about a trademark. Moreover, "[m]ere injuries, however substantial, in terms of money, time and energy . . . are not enough" for injunctive relief. *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995).

### D. Plaintiff's Delay in Seeking a TRO Demonstrates That It Will Suffer No Irreparable Injury.

Finally, the Court should find that there is no showing of irreparable harm because Plaintiff's delay in seeking this relief earlier demonstrates that there is a lack of irreparable harm. Plaintiff was aware that Defendants were considering using Situationships as a title for the Film when she purportedly auditioned for a role in the film in or about September 2024 – nine months before filing the Application alleging that it will suffer irreparable harm. Senii Decl. ¶ 26. Furthermore, Plaintiff's attorney sent a cease-and-desist letter to Defendant Grand Hustle on December 6, 2024, more than six months ago.

However, district courts in the second circuit have held that much shorter delays between the time when plaintiff discovers alleged trademark infringement and when plaintiff seeks injunctive relief have suggested a lack of irreparable harm. *See, e.g., Citibank, N.A. v. Citytrust,* 756 F.2d 273, 277 (2d Cir. 1985) (holding that 10-week delay is sufficient to challenge the need for preliminary injunctive relief); *Pet Life v. KAS Pet, LLC*, 690 F. Supp. 3d 41, 47 (E.D.N.Y. 2023)(several-month delay in seeking relief "forms independent basis to deny injuncti[on]"); *Christmas House USA, Inc. v. Christmasland Experience, LLC,* 2022 WL 17852025, at *1 (E.D.N.Y. Dec. 22, 2022) (finding that delay of just over one month, in a seasonal business, supported denial of a preliminary injunction); *Hornig v. Trustees of Columbia Univ. in City of New York*, No. 17-cv-3602, 2018 WL 5800801, at *7 (S.D.N.Y. Nov. 5, 2018) (holding that plaintiff's two-and-a-half month delay in seeking injunctive relief undermined a finding of irreparable injury). Given Plaintiff's nine month delay here, the Court should hold that Plaintiff cannot demonstrate a likelihood of imminent irreparable injury absent a preliminary injunction.

7

## II.     Plaintiff is Unlikely to Prevail on the Merits

In addition to being unable to establish irreparable harm, the Court should deny this motion because Plaintiff is not likely to prevail on the merits.  Where a mark warrants protection under the Lanham Act, "both the likelihood of success on the merits and the potential for irreparable harm in the absence of preliminary relief may be demonstrated by a showing that a significant number of consumers are likely to be misled or confused as to the source of the products in question."  *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1038 (2d Cir. 1992).

To evaluate claims of consumer confusion, Second Circuit courts utilize the eight factors set out in *Polaroid Corp. v Polaroid Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961). "[T]he strength of [the plaintiff's] mark, the degree of similarity between the two marks, the proximity of the products, the likelihood that the [plaintiff] will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in adopting its own mark, the quality of defendant's product, and the sophistication of the buyers." *Id*. at 495.

Here, the factors favor Defendants.  As an initial matter, it is difficult to apply the *Polaroid* factors here because the Court does not have any specific infringement by Defendants to analyze.  Defendants are not marketing or selling tickets for a motion picture film named "SITUATIONSHIPS" and they are not marketing or selling a product named "BATTLE OF THE SITUATIONSHIPS."  In fact, an executive producer on the Film stated in a Declaration that a decision has not been made regarding the final title of the Film, which is still in post-production.  Julian Decl. ¶¶ 2 ,4.  This lack of actual or imminent infringement is reason enough to deny Plaintiff's Motion.

8

The weakness of Plaintiff's mark with respect to the purported infringement here is best exemplified by Plaintiff's effort to buttress its original SITUATIONSHIPS trademark to include "[e]ntertainment services in the nature of the production of motion picture film featuring drama and comedy" in its November 5, 2024 filing. *See* Ex. I to Doc. 10-2. Plaintiff chose to file the November application because it knows consumers are keenly aware of the difference between motion picture films, on the one hand, and television, streaming and internet series, on the other hand. In addition, Featherstone has provided no evidence to substantiate its claim that its motion picture film trademark was "in use" in connection with any motion picture film. *Id.*

Furthermore, there is a low degree of similarity between Plaintiff's SITUATIONSHIPS mark and the (SIT'CHU {Ã}SHUN-SHIPS) mark that is currently awaiting action by the USPTO. With respect to proximity, Plaintiff presents not evidence that Defendants' Film, which is still in production (*see* Julian Dec'l ¶ 2) is competing with Plaintiff's series, which was released several years ago.

Plaintiff distorts the "bridge the gap" factor by arguing that "the services at issue here are directly competitive." Motion at 19. However, Plaintiff offers no evidence to support its assertion that Defendants' Film, which is still in production, is directly competitive with a series that was released to consumers years ago. Accordingly, Plaintiff does not have a likelihood of success on this factor.

Plaintiff further contends that "Defendants' infringing use of Featherstone's SITUATIONSHIPS mark resulted in others within the entertainment and media industry approaching Featherstone about Defendants' pending film and inquiring about whether she was involved." Motion at 19. However, Plaintiff has failed to provide any evidence supporting this

9

allegation. Moreover, Plaintiff's Motion is completely devoid of evidence establishing consumer confusion regarding Plaintiff's series and the Film. The court noted that "[while] [i]t is true that "[i]rreparable harm 'exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark pending trial,' because loss of control over one's reputation is neither 'calculable nor precisely compensable.' " . . . conclusory statements of loss of reputation will not justify an irreparable harm finding." (citations omitted).

With respect to Defendants' good faith, this factor is impossible to assess because Defendants are not marketing the Film and have not even determined the title of the Film. It is impossible to find Defendants have acted in bad faith when they have not acted   Similarly, while Defendants successfully registered a trademark for "Battle of the Situationships" for use under Classes 009, 025, and 028, pertaining to video games, trivia card games, and clothing merchandise, Plaintiff has identified no evidence indicating that products bearing this mark have been marketed or sold to the public. *See* Ex. H to Doc. 10-2. Finally, factor seven (quality of Defendants' products or services) and factor eight (sophistication of the parties' customers) cannot be evaluated as Defendants do not have a product or service on the market.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

Dated: New York, New York
June 23, 2025

**MEISTER SEELIG & FEIN PLLC**

/s/ Mitch Schuster
Mitch Schuster
125 Park Avenue, 7th Floor
New York, New York 10017
P: (212) 655-3500
E: ms@msf-law.com

**NEWELL LAW GROUP PC**

/s/ Felton T. Newell
Felton T. Newell
1801 Century Park East, 24th fl.
Los Angeles, California 90067
P: (310) 556-9663
E: felton@newellpc.com
*(pro hac vice pending)*

*Attorneys for Defendants*
*Grand Hustle Films, LLC and*
*Clifford Joseph Harris Jr.*