ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEATHERSTONE ENTERTAINMENT, LLC,<br><br>         Plaintiff,<br><br> -against-<br><br>GRAND HUSTLE FILMS, LLC; YANELEY ARTY; SITUATIONSHIPS THE FILM, LLC; AND CLIFFORD JOSEPH HARRIS, JR. p/k/a "T.I.,"<br><br>         Defendants. | 25 Civ. 5124(LLS)<br><br>PRELIMINARY INJUNCTION AND RESTRAINING ORDER |

  Plaintiff Featherstone Entertainment, LLC ("Featherstone") moves for a preliminary injunction enjoining defendants Grand Hustle Films, LLC; Yaneley Arty; Situationships The Film, LLC; and Clifford Joseph Harris, Jr. p/k/a "T.I." (collectively, "Grand Hustle Films") from producing, releasing, teasing, advertising, marketing, announcing, or promoting a film titled "Situationships," "Battle of the Situationships," "City of Situationships," "(SIT'CHU{Ā}SHUN·SHIPS)," or any title similar, related to, or inclusive of the word "Situationships."

  Upon review of Featherstone's motion, accompanying memorandum, declarations, exhibits, all other pleadings, and the proceedings held before this Court on June 26, 2025, the Court makes the following findings of facts and conclusions of law:

  1. Featherstone is a production company founded by Cylla Senii. Senii created a web series, book manuscript, and

- 1 -

film screenplay titled Situationships, which depict evolving norms and trends in modern relationships. Featherstone owns a federal trademark for Situationships, which was registered with the United States Patent and Trademark Office ("USPTO") on September 12, 2023, with a Registration Number of 716315 and a first use date of February 14, 2015. The registration covers Class 41, which is the designation for a drama and comedy entertainment series featured on cable television, streaming services, and the internet.

2. Grand Hustle Films is a production company founded by defendant Clifford Joseph Harris, Jr. p/k/a "T.I." Grand Hustle Films is in post-production on a film it referred to as Situationships throughout production, including in casting calls, on clapboards, and in audition invitations. In November 2024, Harris, Jr. stated in an interview, "I'm about to film my second franchise, I guess you could call it, as a writer and director. It's called 'Situationships.'" Compl. ¶ 61; Compl., Ex. K. The defendants also formed a limited liability company called Situationships The Film, LLC.

3. Grand Hustle Films filed applications with the USPTO for the marks Battle of the Situationships in October 2024,

City of Situationships in November 2024, and (SIT'CHU{Ā}SHUN·SHIPS) in April 2025.

4. In May 2025, the USPTO refused Grand Hustle Films' City of Situationships trademark application. The USPTO explained that the City of Situationships mark was inclusive of Featherstone's entire mark, the marks would be used "in the same or closely related manner," and "the marks are highly similar in sound, appearance and meaning." Compl. ¶ 67; Compl., Ex. O. Defendants' application for (SIT'CHU{Ā}SHUN·SHIPS) remains pending.

5. Featherstone made a good faith attempt to negotiate directly with Grand Hustle Films regarding its use of the term Situationships. Featherstone was advised in several meetings that Grand Hustle Films would change the name of its forthcoming film. Despite these discussions, defendants applied for two marks that included the word Situationships. Featherstone sent a cease-and-desist letter in December 2024 demanding defendants immediately terminate all unauthorized use of its Situationships mark. Grand Hustle Films did not respond to the cease-and-desist letter until Featherstone filed the present action. However, it did apply for a third trademark, (SIT'CHU{Ā}SHUN·SHIPS), just over four months after the cease-and-desist. Communications between the parties

further deteriorated, and Grand Hustle Films stopped responding to Featherstone's messages.

6. Featherstone has shown a likelihood of success on the merits of its trademark infringement claims. Featherstone demonstrated it will suffer irreparable harm through the loss of control of its validly obtained mark and damage to the Situationships brand, which it has been developing for nearly ten years. The time between Featherstone learning about Grand Hustle Films' Situationships movie and the present motion does not weigh against a finding of irreparable harm. During that period, Featherstone made consistent and good-faith efforts to settle the dispute. Featherstone moved for a preliminary injunction and temporary restraining order when it became clear a settlement could not be reached with Grand Hustle Films.

In accordance with Federal Rule of Civil Procedure 65, it is therefore ORDERED that Grand Hustle Films, all of its agents and employees, and all other persons acting in concert with defendants, are restrained and enjoined:

(a) From producing, releasing, teasing, advertising, marketing, announcing, or promoting a film titled "Situationships," "Battle of The Situationships," "City of Situationships," or "(SIT'CHU{Ā}SHUN·SHIPS)," or any designation or mark that is similar to

- 4 -

        Featherstone's mark, U.S. Registration Number 716315; and it is further

(b) ORDERED, that defendants are directed to immediately suspend all efforts creating, manufacturing, shipping, or selling, goods and merchandise for the purpose of advertising, marketing, announcing, or promoting a film titled "Situationships," "Battle of The Situationships," "City of Situationships," "(SIT'CHU{Ā}SHUN·SHIPS)," or any designation or mark that is similar to Featherstone's mark; and it is further

(c) ORDERED, that defendants are directed to remove the "Situationships," "Battle of The Situationships," "City of Situationships," "(SIT'CHU{Ā}SHUN·SHIPS)," marks from all of defendants' goods and services, as well as any web sites or marketing/promotional materials, whether electronic, printed or otherwise, under defendants' direct or indirect dominion or control; and it is further

(d) ORDERED that the bond previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of preliminary injunction and any damages sustained by any party who is found to have been wrongfully enjoined thereby is

continued until final disposition of this matter; and it is further

(e) ORDERED that pending final disposition of all claims in this action, defendants shall preserve all documents, electronically-stored information, and/or tangible things that may be relevant to the subject matter of, or reasonably calculated to lead to the discovery of admissible evidence in, this action or any of the claims asserted herein, and maintain them in an accessible form and place.

This Order replaces the previously issued Temporary Restraining Orders (Dkt. Nos. 15, 23). Featherstone may seek renewed injunctive relief after the USPTO's decision on the (SIT'CHU{Ā}SHUN·SHIPS) trademark application, when the Court will evaluate the whole situation, including consideration of the length of the passage of time since any use of the mark "Situationships" or similar thereto by any of the defendants.

SO ORDERED.

Dated:  New York, New York
        July 9, 2025

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.