# Destime Law

October 16, 2025

**<u>VIA ECF</u>**
The Honorable Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>  Re:  *Featherstone Entertainment, LLC v. Grand Hustle Films, LLC, et al.*
>  Case No. 1:25-cv-5124—Submission of Attorney's Fees Related to Court's September 30, 2025 Order

Dear Judge Stanton:

Plaintiff Featherstone Entertainment, LLC ("Featherstone") respectfully submits this letter in reply to Defendant Situationships The Film LLC's ("STF") latest letter motion dated October 16, 2025 (ECF No. 70) opposing Featherstone's letter dated October 7, 2025 and requesting that Your Honor reconsider its October 15, 2025 Order (ECF No. 69). STF's request is as baseless as it is belated. Its letter is nothing more than another effort to waste judicial resources and compel Featherstone to incur additional fees responding to issues already settled by this Court.

**I.  STF Continues to Waste Judicial Resources and Inflate Costs.**

STF has already consumed a disproportionate amount of this Court's time with its serial neglect and procedural maneuvers. Its present letter motion, filed *after* this Court already ruled and months after it first defaulted, reflects the same pattern of delay and deflection that prompted Your Honor granting sanctions in the first place. The Court was well within its discretion to award Featherstone's attorneys' fees and costs incurred in filing the motion for default judgment. As cited in Your Honor's September 30, 2025 Order (ECF No. 61) ("Order"), "[s]ince the default judgment was because of defendant's negligence, the defendant must pay the costs and attorneys' fees incurred by plaintiff in obtaining and registering the default judgment." *See Pro Tect Mgmt. Corp. v. Worley*, 1991 WL 190582, at *4 (S.D.N.Y. Sept. 18, 1991).

Having failed to timely oppose Featherstone's letter motion, STF now attempts to re-litigate settled issues under the guise of reconsideration. Courts in this District routinely deny such tactics. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 171 (2nd Cir. 2021) (internal citations and quotations omitted) ("[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") STF identifies no such clear error by this Court.

# Destime Law

## II. Featherstone's Letter Motion Was a Supplement to the Court's Order, Not a New Motion.

STF's argument that Featherstone failed to "meet and confer"[1] before filing its October 7, 2025 letter is nonsensical. Featherstone's letter did not request new relief; it merely supplemented the Court's own September 30, 2025 Order, which directed STF to reimburse Featherstone related to the motion for default. The Court necessarily required Featherstone to submit the amount to be reimbursed so that payment could be calculated and enforced against STF. But for Featherstone's letter, STF could not effectively comply with the Court's Order.

STF's claim that the letter was a new "motion" ignores both its content and context. Indeed, the Court's subsequent October 15, 2025 Order granting Featherstone's request (ECF No. 69) confirms that Featherstone's Letter was treated as a supplemental submission, not an independent motion requiring further briefing or new relief.

## III. STF Mischaracterizes the Scope of the Court's Sanctions Order.

STF's attempt to recast the Court's prior ruling as limited to "costs but not attorneys' fees" is unavailing. *Pro Tect Mgmt.*, the very authority cited in the Court's Order, expressly awarded both costs and attorneys' fees under nearly identical circumstances. 1991 WL 190582, at *4. The Court's reliance on that case leaves no doubt that it intended reimbursement of Featherstone's expenses, inclusive of fees, related to the default judgment motion.

STF's hair-splitting over billing entries is equally meritless. The entries for 10/2/25, 10/6/25, and 10/7/25 correspond directly to the preparation, filing, and follow-up of the default motion and the resulting sanctions briefing. But for STF's failure to timely appear and default, none of those tasks or associated fees would have been incurred.

The 9/15/25 entry similarly relates to undersigned counsel's communications with STF's attorney directly related to the default motion—a conversation made necessary solely by STF's late appearance.

## IV. The Stipulation to Transfer Has No Bearing on the Fee Award.

STF's argument that the parties' later filed stipulation to transfer venue, filed on October 10, 2025, excuses its failure to respond is a red herring. The Court's September 30, 2025 sanctions Order predated the stipulation and was wholly independent of any transfer issue. STF's suggestion that a pending transfer motion somehow nullified an Order and sanctions award already issued by this Court is unsupported by law or logic.

---

[1] Interestingly, STF seeks to point out that Featherstone did not communicate with it prior to submitting its letter while also, not engaging in good faith contact with Featherstone related to its letter motion for reconsideration. Nevertheless, Featherstone was not obligated to communicate with STF prior to filing its letter as it did not seek new relief from the Court, but rather provided information to facilitate STF's compliance with the Court's Order. Moreover, ECF did not provide Featherstone any other applicable topics by which to file its letter, leaving it to choose the option most fitting.

# DESTIME LAW

**V.  Featherstone Requests Additional Fees for Having to Respond to This Frivolous Letter.**

STF's repetitive filings have now forced Featherstone to spend additional time and resources addressing issues already adjudicated. This conduct exemplifies the pattern of delay that warranted sanctions in the first place. Featherstone therefore respectfully requests that the Court award additional fees incurred in preparing this response letter, in the amount of $630.00, pursuant to its inherent authority and the prior sanctions Order. *See* 28 U.S.C. § 1927, (courts may impose additional fees where a party multiplies proceedings "unreasonably and vexatiously").

This additional $630.00 brings Featherstone's original total from $16,975.00 to **$17,605.00**

| Date | Atty | Fee Details | Time/Hrs | Rate | Amount |
|---|---|---|---|---|---|
| 10/16/25 | VD | VD reviewed Def Situationships the Film LLC's opposition letter to fee award letter, drafted reply with research, and filed on docket | 1.8 | $ 350.00 | $ 630.00 |

**VI.  Conclusion**

STF's letter motion for reconsideration is untimely, meritless, and procedurally improper. It merely attempts to reargue issues already resolved and should be denied outright. Featherstone respectfully requests that the Court:

1. Deny STF's letter motion requesting reconsideration in its entirety;
2. Uphold its September 30, 2025 and October 15, 2025 Orders, awarding Featherstone its reasonable attorneys' fees and costs, in the amount of $16,975.00; and
3. Awarding Featherstone an additional $630.00 for expenses incurred in responding to this frivolous letter, for a total of **$17,605.00** immediately due to Featherstone.

We thank the Court for its consideration of this matter.

Respectfully submitted,
*/s/ Vanessa Destime*

cc: To all counsel via ECF